**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOY WALSH | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JEANINE DUMONT, ESQ. and | : | |
| LAW OFFICES OF HOWARD LEE | : | |
| SCHIFF, P.C. | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | September 8, 2011 |

## COMPLAINT

Plaintiff Joy Walsh ("Plaintiff"), brings this action against defendants, Jeanine Dumont, Esq. ("Jeanine Dumont") and Law Offices of Howard Lee Schiff ("HLS") (collectively "Defendants") for illegal activities during the collection of an alleged debt.  The Defendants violated multiple provisions of the Fair Debt Collections Practices Act *15 USC § 1692 et seq* ("FDCPA").

Plaintiff also sues for statutory violations under *Conn. Gen. Stat. § 42-110a*, *et seq.,* the Connecticut Unfair Trade Practices Act ("CUTPA"), on the basis of pendent jurisdiction.

Plaintiff seeks to recover damages suffered as a result of such violations.

**JURISDICTION AND VENUE.**

1.  Federal jurisdiction is premised upon the existence of a federal claim or controversy and is invoked under *15 U.S.C. § 1692k(d)* without regard to jurisdictional amount or diversity of citizenship. and supplemental jurisdiction is proper under *28 U.S.C. § 1367* for the pendent State law claims.

2.   Plaintiff's Connecticut law claims are so related to the federal law claims raised in this complaint that they form part of the same case or controversy under Article III of the United States Constitution.

3.   The issues raised by the state-law claims are no more novel or complex than the federal law claims, nor do they substantially predominate over the federal-law claims. The district court's exercise of supplemental jurisdiction would avoid unnecessary duplication and multiplicity of actions, and should be exercised in the interests of judicial economy, convenience and fairness.

4.   Venue in this Court is proper under *28 U.S.C. § 1391*, in that all defendants regularly conduct business in the District of Connecticut, all the events, occurrences, and property that are relevant to this case occurred and/or are located in this District.

## THE PARTIES.

5.   The Plaintiff is over the age of 18, resides at 129 Breezy Corners Road, Portland, CT 06480 in the County of Middlesex, is a natural person, and is a consumer within the FDCPA.

6.   The Defendant, Jeanine Dumont (Juris No. 303087) is an attorney employed by the Defendant HLS and maintains an address at 510 Tolland Street, East Hartford, CT 06108.

7.   The Defendant, HLS is a law firm registered as a Professional Corporation in the State of Connecticut with offices and a place of business located at 510 Tolland Street, East Hartford, CT 06108.  It maintains a Connecticut Juris Number (# 419040) in the state of Connecticut.

### STATEMENT OF FACTS.

8. Discover Bank claimed that Plaintiff owed a debt in the amount of $9,576.51 (the "Alleged Debt").

9. Plaintiff is a natural person obligated or allegedly obligated to pay the Alleged Debt and is therefore a "consumer" as defined pursuant to *15 U.S.C. §1692a(3)*.

10. **HLS** has been the firm of record in connection with the collection of thousands of debt collection lawsuits during the last 10 years.

11. **HLS** regularly, directly or indirectly, collect, or attempt to collect debts owed, due, or asserted to be owed to another.

12. At all times complained of herein, **HLS** was the firm of record for the Action.

13. **Dumont** regularly collects or attempts to collect debts, directly or indirectly, owed or due or asserted to be owed or due another.

14. Defendants used instrumentalities of interstate commerce and/or the mails in its business, the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collectors" as defined pursuant to *15 U.S.C. §1692a(6)*.

15. The Defendants filed or caused an action to be filed against Plaintiff to collect an alleged debt titled, *Discover Bank v. Walsh, Joy*[1], Docket No. MMX-CV10-6002125-S, initiated in the Middletown Superior Court in the Judicial District of Middlesex and filed on 03/29/2010 (the "Action").

---

[1] Docket is attached as Exhibit A.

16. Defendants alleged that Plaintiff owed for certain credit card charges. Without admitting to the Alleged Debt or if a debt still exists, said debt is the subject of a transaction which is primarily for personal, family or household purposes.

17. HLS was the firm of record for the Action.

18. Defendants made multiple false, deceptive, and/or misleading representations in the course of litigating the Action and continue to use unfair acts, deceptive practices, and wrongful means in attempts to collect the Alleged Debt.

19. Plaintiff has suffered and continues to suffer: monetary damages; an ascertainable loss of money or property; humiliation, mental pain and anguish; and, damages to her credit report and reputation, all as a direct and proximate result of Defendants' willful, wanton and intentionally reckless conduct.

### CLAIM ONE - AS TO DEFENDANT JEANINE DUMONT, ESQ.

**Count One** - **Violations of Fair Debt Collection Practices Act** *15 U.S.C. §1692 et seq.* **for False, Misleading, and Deceptive Methods in Litigation and Collection of the Alleged Debt.**

20. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-19, as if fully restated herein.

21. Upon information and belief, Jeanine Dumont was acting in her capacity as an employee, principal, partner, associate, and/or agent of defendant HLS.

22. At all times, Jeanine Dumont acted within scope of her employment and under control of HLS.

23. On 9/10/2010, Jeanine Dumont filed a Motion to Strike from Docket Plaintiff's Notice of Service of Requests for Admissions ("Motion to Strike") (Entry No. 117.00). The Motion to Strike is hereby incorporated herein as if fully restated herein.[2]

24. In the Motion to Strike, Jeanine Dumont claims that she did not receive Defendant's [Plaintiff's] Requests for Admissions, that the Notice of Service of Requests for Admissions was "improperly filed" with the Court (See paragraph #2 of Motion to Strike).

25. Despite Jeanine Dumont's claims, Plaintiff's Discovery Requests, which included the Requests for Admissions, were properly filed with the Court and properly served on Jeanine Dumont.

26. Prior to retaining Attorney Guest as counsel, Joy Walsh was a pro se litigant in both *Discover Bank v. Joy Walsh* and an ancillary matter involving the same parties, *Discover Bank v. Joyce Walsh.* On 7/9/10, Brian Walsh (Joy Walsh's husband) hand filed her Notice of Service of Request of for Admission (Entry No. 107.00)[3] for the instant matter, together with a corresponding notice in the ancillary matter. On the same day, Brian Walsh sent a certified mail package to the Plaintiff containing both of the Notices of Requests for Admissions and other requests for discovery on the instant matter and the ancillary matter.

27. On 7/12/2010, the certified mail return receipt[4] was signed on behalf of the Plaintiff's counsel's office[i] by Jill M. Kukish.

---

[2] Attached as Exhibit B
[3] Attached as Exhibit C
[4] Attached as Exhibit D

28. In a fax dated 9/13/2010, despite her future claims, Jeanine Dumont produced the Notice of Service of Requests for Admissions that she received[5]; she now claims that documents exclusively in her possession were altered by Plaintiff's counsel.

29. Jeanine Dumont failed to answer discovery requests in this $9,576.51 credit card case. Jeanine Dumont thereafter sought to cover up her failure with false statements, fabricated documents, and a false affidavit.

30. On 11/15/2011, Jeanine Dumont filed an Affidavit in Support of her Relief from Requests for Admissions ("Affidavit-Admissions") (Entry No. 129.00). The Affidavit-Admissions is hereby incorporated as if fully stated herein.[6]

31. Jeanine Dumont, in Paragraph 4 of the Affidavit-Admissions, attests that she has personal knowledge of the facts. In Paragraph 5, she avers that she personally reviewed the documents that were submitted and "noted [the] fact (sic) at the time since these cases involve the same parties". These statements contradict prior statements made by Jeanine Dumont in this matter upon which the Court relied.

32. On 12/29/2010, Plaintiff filed a Motion for Sanctions, Contempt and Dismissal for Discovery and Litigation Misconduct ("Motion for Sanctions") (Entry No. 148.00). The Motion for Sanctions is hereby incorporated as if fully stated herein.[7]

33. In the Motion for Sanctions, Plaintiff alleges that the following statements contained in the Affidavit-Admissions are false and are made in bad faith:

---

[5] Attached as Exhibit E
[6] Attached as Exhibit F
[7] Attached as Exhibit G

-Jeanine Dumont falsely denies receipt of discovery in this matter on 7/12/2010 (Paragraph 5 and 7);

-Jeanine Dumont denies receipt of Notice of Request for Admissions in the instant matter on 7/12/2010 (Paragraphs 6 and 8);

-Jeanine Dumont falsely states that Plaintiff's counsel was not cooperative, forcing Plaintiff to file a Motion To Strike (Paragraph 6); and

 -Jeanine Dumont falsely states that Plaintiff's counsel realized the mistake and sent the Discovery for her to complete (Paragraph 7).

34. Jeanine Dumont used this affidavit and the allegations contained therein to support a Motion for Sanctions, Motion for Equitable Relief, and other such motions to cover-up Plaintiff's failure to respond to Discovery propounded by a pro se Defendant [Plaintiff] which was hand-delivered to the Clerk of the Court by the Plaintiff's husband and mailed by the Plaintiff's husband to the Plaintiff via certified mail.

35. On 1/03/2011, Jeanine Dumont filed an Affidavit in Opposition to Plaintiff's Motion for Sanctions ("Affidavit-Sanctions") (Entry No. 150.00). The Affidavit-Sanctions is hereby incorporated as if fully stated herein.[9]

36. The Affidavit-Sanctions contained false statements.

37. On 9/27/2010, Jeanine Dumont filed a Motion for Default pursuant to CPB §13-14 ("Default") (Entry No. 118.00).  The Default is hereby incorporated as if fully stated herein.[10]

---

[9] Attached as Exhibit H

38. Plaintiff filed an Objection to the Default on 10/14/2010 ("Objection") (Entry No. 122.00), stating that the Plaintiff was not in default. Jeanine Dumont's Default was premature, as Plaintiff had a Motion for Extension of Time to respond to Jeanine Dumont's discovery still pending. The Objection was sustained by the Court on 10/18/2010 (Entry No. 122.10).

39. Jeanine Dumont certified that her pleadings were mailed to Plaintiff on the dates that they were filed. However, on numerous occasions, the mailings were not postmarked until one or two days after the pleading was certified to have been mailed.

**Count Two – Violations of the Connecticut Unfair Trade Practices Act.**

40. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-39, as if fully restated herein.

41. Despite knowledge that the certifications are false, on many occasions Jeanine Dumont falsely certified filings to gain procedural advantage on litigants.

42. Jeanine Dumont has a pattern of filing false pleadings, which she knew, should have known, or had a reckless indifference to the fact that her pleadings contained false statements. The false pleadings were filed with the intent to deceive; Plaintiff was forced to rely on said pleadings to her detriment; Plaintiff did rely on the Pleadings to her detriment; Plaintiff had an ascertainable loss of money and property based on Jeanine Dumont's actions.

43. Upon information and belief, alleged debtors were defaulted by Jeanine Dumont's Motions for Default with falsely certified documents.

---

[10] Attached as Exhibit I

44. This claim for relief arises under the Connecticut Unfair Trade Practices Act ("CUTPA"), *Conn. Gen. Stat. §§ 42-110a, et seq.*

45. By the misrepresentations and non-disclosure of material facts alleged above, Jeanine Dumont deceived and continues to deceive Connecticut consumers, including the Plaintiff.

46. This conduct constitutes unlawful, unfair, deceptive and fraudulent business practices within the meaning of Connecticut consumer protection statutes.

47. The Plaintiff was compelled to incur ascertainable expenses to defend against Jeanine Dumont's false and misleading representations, resulting in a quantifiable loss of money for the Plaintiff.

48. Through its willful and intentional misconduct, HLS directly and proximately caused damage to the Plaintiff's credit report and reputation.

49. Accordingly, through this action, the Plaintiff seeks compensation for the damages that she incurred in connection with Jeanine Dumont's wrongful conduct.

### CLAIM TWO: AS TO DEFENDANT HLS.

**Count One - Violations of Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* for False, Misleading, and Deceptive Methods in Litigation and Collection of the Alleged Debt Due to the Actions of Jeanine Dumont and employees of HLS for which HLS is directly and/or Vicariously Liable.**

50. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-49, as if fully restated herein.

51. HLS is vicariously liable for any and all of the violations of *15 U.S.C. § 1692 et seq.* committed by its employees.

52. Jeanine Dumont indicated that HLS forwards documents to the post office after the date of certification based on requirements of the post office.

53. HLS knew, should have known, or had a reckless indifference to the fact that the documents and pleadings mailed by its employees contain a false certification.

54. HLS authorizes its employees to execute affidavits pursuant to that agreement.

55. Employees of HLS submit such affidavits into court.

56. As a proximate cause of the representations by HLS and its employees, including Jeanine Dumont, Plaintiff suffered and continues to suffer monetary damages, and has an ascertainable loss of money and property.

57. Through its willful and intentional misconduct, HLS directly and proximately caused the Plaintiff humiliation, mental pain and anguish.

58. Through its willful and intentional misconduct, HLS directly and proximately caused damage to the Plaintiff's credit report and reputation.

**Count Two** – **Violations of the Connecticut Unfair Trade Practices Act Due to the Actions of Jeanine Dumont for which HLS is directly and/or Vicariously Liable.**

59. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-58, as if fully restated herein.

60. This claim for relief arises under the Connecticut Unfair Trade Practices Act ("CUTPA"), *Conn. Gen. Stat. §§ 42-110a, et seq.*

61. HLS is directly and/or vicariously liable for any and all of the violations of CUTPA

*Conn. Gen. Stat. §§ 42-110a*, *et seq.* committed by its employees.


## **Conclusion**

62. Based on the foregoing, Defendants have violated the following FDCPA provisions:

15 U.S.C. §1692(e); 15 U.S.C. §1692(e)(2)(A); 15 U.S.C. §1692(e)(7). In addition, Defendants

have also violated the Connecticut Unfair Trade Practices Act ("CUTPA"), *Conn. Gen. Stat. §§*

*42-110a*, *et seq.*


## **Jury Demand**

The Plaintiff demands trial by jury for all issues so triable.

## **Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following relief:

As to Defendant Jeanine Dumont:

Count One:

1. Declare that the Defendant has engaged in conduct which constitutes unlawful practices under FDCPA.

2. All such relief as is, or may be, available pursuant to 1*5 U.S.C. 1692k(1)*, *15 U.S.C. 1692k(2)(A)*, and *15 U.S.C. 1692k(3)*;

3. Monetary damages;

4. Statutory damages;

5. Interest and Costs;

6. Legal Fees;

7. Equitable Relief;

8. Judgment in Plaintiff's favor;

9. Such other relief as the Court deems fair, just, equitable and proper under the circumstances;

Count Two:

10.    Declare that the Defendant has engaged in conduct which constitutes unlawful practices under CUTPA.

11.    All such relief as is, or may be, available pursuant to *Conn. Gen. Stat. § 42-110(g), et seq.*

12.    Monetary damages;

13.    Statutory damages;

14.    Interest and Costs;

15.    Legal Fees;

16.    Equitable Relief;

17.    Judgment in Plaintiff's favor;

18.    Such other relief as the Court deems fair, just, equitable and proper under the circumstances; and,

19. Award Plaintiff judgment against Defendant for punitive or exemplary damages.

As to Defendant HLS:

Count One:

20. Declare that the Defendant has engaged in conduct which constitutes unlawful practices under FDCPA;

21. All such relief as is, or may be, available pursuant to 1*5 U.S.C. 1692k(1)*, *15 U.S.C. 1692k(2)(A)*, and *15 U.S.C. 1692k(3)*;

22. Monetary damages;

23. Statutory damages;

24. Interest and Costs;

25. Legal Fees;

26. Equitable Relief;

27. Judgment in Plaintiff's favor;

28. Such other relief as the Court deems fair, just, equitable and proper under the circumstances; and,

Count Two:

29.     Declare that the Defendant has engaged in conduct which constitutes unlawful practices under CUTPA.

30.     All such relief as is, or may be, available pursuant to *Conn. Gen. Stat. § 42-110(g), et seq.*

31.     Monetary damages;.

32.     Statutory damages;

33.     Interest and Costs;

34.     Legal Fees;

35.     Equitable Relief;

36.     Judgment in Plaintiff's favor;

37.     Such other relief as the Court deems fair, just, equitable and proper under the circumstances; and,

38. Award Plaintiff judgment against Defendant, and each of them jointly and severally, for punitive and/or exemplary damages.

THE PLAINTIFF

_____/s/ J. Hanson Guest_____
By:  J. Hanson Guest Esq.
Counsel to Defendant
151 New Park Avenue
Hartford, CT 06106
(860) 231-6250 phone
(860) 231-6252 fax
No.: ct28167

CERTIFICATION

I hereby Certify that on 09/08/2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Plaintiff

By: ____/s/ J. Hanson Guest_____
J. Hanson Guest (ct28167)
Guest & Associates
151 New Park Avenue
Hartford, CT 06120
Phone: (860) 231-6250
Fax: (860) 231-6252
E-Mail: hguest@guest-associates.com